IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE: LUMBER LIQUIDATORS CHINESE-MANUFACTURED FLOORING PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 1:15-md-2627 (AJT/TRJ) |

**This Document Relates to ALL Cases**

## DEFENDANT LUMBER LIQUIDATORS, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO AMEND STIPULATED ORDER FOR PRESERVATION OF EVIDENCE

Pursuant to Federal Rule of Civil Procedure 26(c), Defendant Lumber Liquidators, Inc. ("Lumber Liquidators") submits this Memorandum in Support of its Motion to Amend Stipulated Order for Preservation of Evidence. In support thereof, Lumber Liquidators states as follows:

1. On August 17, 2015, the Parties submitted a Stipulated Order for Preservation of Evidence (ECF No. 494), which this Court entered on August 18, 2015 (ECF No. 498.) With respect to preservation of Chinese-made laminated flooring, such Order provides, in pertinent part:

> a. Lumber Liquidators will preserve and not destroy until plaintiffs' experts have had a reasonable opportunity to inspect or test, any Chinese-made laminated flooring that is the subject of any warranty claim against Lumber Liquidators. This does not mean that Lumber Liquidators may not sell its products.
>
> b. Lumber Liquidators will preserve and not destroy until plaintiffs' experts have had a reasonable opportunity to inspect or test, any exemplars or samples that were provided to Lumber Liquidators by any Chinese manufacturer of the laminated flooring at issue.
>
> c. Lumber Liquidators will preserve and not destroy until plaintiffs' experts have had a reasonable opportunity to inspect or test, any laminated flooring manufactured in China that is currently warehoused or stored by Lumber Liquidators. This does not mean that Lumber Liquidators may not sell its products.

Stipulated Order ¶ 4(a)-(c).

2. Lumber Liquidators currently stores more than 535,000 square feet of Chinese-made laminated flooring in a Tennessee warehouse, and the lease on the warehouse is about to expire.

3. Fact discovery has now closed in this litigation. Lumber Liquidators proposes to amend the Stipulated Order to allow Lumber Liquidators, after August 1, 2017, to destroy any remaining Chinese-made laminated flooring pursuant to its agreement with the Consumer Product Safety Commission.

4. Pursuant to Federal Rule of Civil Procedure 26(c), for good cause shown, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). A court may modify a protective order for good cause, as well. *See In re Kolon Indus. Inc.*, 479 F. App'x 483, 485-86 (4th Cir. 2012).

5. Litigants generally have a duty to preserve relevant evidence.[1] *See Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001). But this duty is not absolute or indefinite. Instead, a party can satisfy its preservation obligation by providing to the opposing party a reasonable opportunity to inspect the evidence. *See Miller v. Lankow*, 801 N.W.2d 120,130 (Minn. 2011) (holding that "a party satisfies his duty to preserve evidence by providing sufficient notice and a full and fair opportunity to inspect to a noncustodial party"); *Am. Family Mut. Ins. Co. v. Golke*, 768 N.W.2d 729, 732 (Wisc. 2009) (same); *see also Allstate Ins. Co. v. Hamilton Beach/Proctor Silex, Inc.*, 473 F.3d 450, 458 (2d Cir. 2007) (holding that a district court abused its discretion in sanctioning a party for destruction of evidence because the opposing party had a full opportunity to inspect the scene and disclaimed interest in the evidence); *Stewart v. Mich.*

---

[1] Nothing in Lumber Liquidators' Motion or supporting materials should be construed in any way as an admission regarding the relevance of the Chinese-made laminated flooring being stored at Lumber Liquidators' Tennessee warehouse.

*Pontiac, LLC*, Case No. 16-10434, 2017 WL 633798, at *11-12 (E.D. Mich. Feb. 16 2017); *Gaffield v. Wal-Mart Stores East, LP*, 616 F. Supp. 2d 329, 337-38 (N.D.N.Y. 2009); *Miner Dederick Constr., LLP v. Gulf Chem. & Metallurgical Corp.*, 403 S.W.3d 451, 468 n.5 (Tex. Ct. App. 2013).

    6.    Good cause exists to modify the Stipulated Order because of the significant burden on Lumber Liquidators of continuing to preserve more than 535,000 square feet of Chinese-made laminated flooring at its Tennessee warehouse and the lack of countervailing prejudice to Plaintiffs, who have had ample opportunity to inspect and test said flooring, now that fact discovery has closed. The Stipulated Order requires Lumber Liquidators to preserve Chinese-made laminated flooring "until plaintiffs' experts have had a reasonable opportunity to inspect or test, any laminated flooring manufactured in China that is currently warehoused or stored by Lumber Liquidators." Stipulated Order ¶ 4(c) (ECF No. 498.) Plaintiffs did not seek to inspect or test the flooring stored at the Tennessee warehouse, and fact discovery has now closed. However, the continued preservation of more than 535,000 square feet of said flooring imposes an undue burden and expense on Lumber Liquidators because the lease on its Tennessee warehouse will soon expire, which might require it to incur great expense to find another facility to preserve said flooring.

    7.    To the extent the Court would like a hearing on this motion, Lumber Liquidators respectfully requests an expedited hearing, if possible, because of its time-sensitive nature.

WHEREFORE, Lumber Liquidators requests that the Court grant its motion and enter the Amended Stipulated Order for Preservation of Evidence attached as an Exhibit to this Motion, and grant such other and further relief this Court should deem just and proper.

Dated: June 30, 2017                                   Respectfully submitted,

                                                                              LUMBER LIQUIDATORS, INC.

                                                                              By Counsel

*/s/ Diane P. Flannery*
Diane P. Flannery (VSB No. 85286)
E-mail: dflannery@mcguirewoods.com
Robert F. Redmond, Jr. (VSB No. 32292)
Email: rredmond@mcguirewoods.com
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
804.775.1015 (Telephone)
804.698.2047 (Facsimile)

5

**<u>CERTIFICATE OF SERVICE</u>**

  I hereby certify that on June 30, 2017 a true and correct copy of the foregoing was filed electronically with the clerk of this Court using the CM/ECF system, and in accordance with Local Rules and the procedures adopted in the Initial Order and Pretrial Order No. 1A. This filing will cause a copy of the same to be served, via a Notice of Electronic Filing, upon counsel of record in this matter.

            */s/ Diane P. Flannery*
            Diane P. Flannery (VSB No. 85286)